# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MICHAEL SANNER, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 2:10-cv-00166

MYLAN PHARMACEUTICALS, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Docket 22]. The Motion is **GRANTED**. The court **ORDERS** that this case be transferred to the United States District Court for the Western District of Pennsylvania.

**I. Background**

This case presents an issue this court recently addressed by this court in nearly identical litigation. *See Arnett v. Mylan*, No. 2:10-cv-114 (S.D. W. Va. August 13, 2010); *Gardner v. Mylan*, No. 2:09-cv-1289 (S.D. W. Va. June 24, 2010); *Leonard v. Mylan*, No. 2:09-cv-1160 (S.D. W. Va. June 21, 2010). In those cases, the defendants sought a 28 U.S.C. § 1404(a) transfer, which I granted. The transfer issues in this case are indistinguishable from those in *Arnett*, *Gardner*, and *Leonard*. Transfer is therefore warranted.

    A. *Facts*

According to the Complaint, the plaintiff, Michael Sanner, is the surviving son and personal representative of Susan Sanner. Mr. Sanner resides in New Stanton, Pennsylvania, which is located

in the Western District of Pennsylvania. He claims that Ms. Sanner died of fentanyl intoxication while using a Mylan Fentanyl Transdermal System patch (the "patch") prescribed by her doctor. The patch administers the pain drug fentanyl through the skin.

Ms. Sanner was prescribed the patch by her physician in Greensburg, Pennsylvania. Greensburg is also in the Western District of Pennsylvania. She filled her prescription at a pharmacy in Greensburg. On November 23, 2008, she died while vacationing in Dover, Ohio.

B. *Procedural History*

Mr. Sanner, representing his mother's estate, has sued the patch manufacturers for wrongfully causing Ms. Sanner's death. The Complaint asserts claims for products liability and breach of express and implied warranty. It also alleges that the defendants engaged in wanton, willful, or reckless conduct.

The defendants filed the motion to transfer on July 15, 2010. The plaintiffs filed a response on August 3, 2010, and the defendants replied on August 10, 2010.

## II. Standard

The defendants seek transfer pursuant to 28 U.S.C. § 1404(a). That statute authorizes a district court to transfer a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district. If so, then the court should consider several private- and public-interest factors: the ease of access to evidence; the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of

compulsory process; the possibility of a view; the interest in having local controversies decided at home; and the overriding interests of justice. *Vass v. Volvo Trucks, N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004). The party seeking transfer carries the burden of showing that the current venue is inconvenient. *N.Y. Marine & Gen. Ins. Co. V. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). The plaintiff's choice of forum is accorded great weight. *Piper Aircraft Co. V. Reyno*, 454 U.S. 235, 255 (1981).

**III. Discussion**

Considering the § 1404(a) factors, this case should be tried in the Western District of Pennsylvania, not the Southern District of West Virginia. First, this case could have originally been brought there, as subject-matter and personal jurisdiction, as well as venue, are all proper in that district. Second, the private- and public-interest factors favor transfer. Regarding the private-interest factors, all relevant facts in this case occurred outside West Virginia. The majority of witnesses — witnesses such as law enforcement officers, medical examiners and toxicologists, as well as Ms. Sanner's medical providers — are in Pennsylvania and Ohio. Evidence regarding Ms. Sanner's medical history and the circumstances surrounding her death will be found in Pennsylvania and Ohio as well. Conversely, no evidence will be found in the Southern District of West Virginia. Because the majority of witnesses are located in Pennsylvania and Ohio, the Western District of Pennsylvania would be a more convenient forum.

As for the public-interest factors, Pennsylvania has a strong interest in having this case litigated locally. Pennsylvania's interests include having one of its citizen's rights vindicated, as well

as protecting its other citizens from potentially harmful pharmaceutical drugs. Conversely, West Virginia's interests in this case are few, if it has any interests at all.

Justice is best served by having this case proceed in the Western District of Pennsylvania. The plaintiff's choice of forum is substantially outweighed by the fact that absolutely no facts of significance in this case occurred in this district. Transfer is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

**IV. Conclusion**

For the forgoing reasons, the Motion to Transfer [Docket 20] is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    August 19, 2010

Joseph R. Goodwin, Chief Judge